FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 20, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN CARLOS SALCEDO-ESCALERA,<br><br>Defendant. | No. 2:26-cr-00112-RLP-1<br><br>ORDER GRANTING UNITED STATES' MOTION TO DISMISS IN PART AND GRANTING MOTION TO EXPEDITE<br><br>**ECF Nos. 49, 50** |

Before the Court is the United States' Motion to Dismiss Without Prejudice, ECF No. 49, and related Motion to Expedite, ECF No. 50. The Court held a hearing on the motions on October 20, 2026. Mr. Salcedo-Escalera was represented by Assistant Federal Defender Layton Sussman. Assistant United States Attorney Alan Aguirre-Rivera represented the United States. Mr. Salcedo-

Escalera was not present at the hearing. The parties asserted Mr. Salcedo-Escalera has been taken into immigration custody and deported.

Mr. Salcedo-Escalera does not oppose dismissal of the indictment but argues dismissal should be with prejudice. For the reasons discussed below, the Court grants the United States' motion to dismiss in part and dismisses the indictment with prejudice.

## Background

On August 14, 2026, a complaint was filed charging Mr. Salcedo-Escalera with Alien in the United States After Deportation in violation of 8 U.S.C. § 1326. ECF No. 1. Following Mr. Salcedo-Escalera's arrest, the United States sought Mr. Salcedo-Escalera's detention, and a detention hearing was held. ECF Nos. 5, 21. Magistrate Judge James A. Goeke granted the United States' motion for detention, and Mr. Salcedo-Escalera appealed the decision to this Court. ECF Nos. 20–21.

On appeal, this Court released Mr. Salcedo-Escalera on conditions. ECF No. 35, 45. The Court found the United States had not proven by a preponderance of the evidence that no conditions could be imposed to address Mr. Salcedo-Escalera's risk of nonappearance and danger to the community under 18 U.S.C. § 3142(e)(1). ECF No. 35. In particular, the Court found strict conditions including GPS location monitoring, home detention, and a secured appearance bond

sufficiently mitigated those risks. *Id.* Importantly, the Court ordered Mr. Salcedo-Escalera to appear at all proceedings in this case. *Id.* at 10.

The United States asserts that following Mr. Salcedo-Escalera's release from pretrial custody, he was taken into immigration custody and is pending removal from the United States to Mexico. ECF No. 49. Defense counsel indicates that Mr. Salcedo-Escalera's family reports he has already been deported.

Mr. Salcedo-Escalera was set to appear before this Court for his pretrial conference on October 20, 2026. ECF No. 30. Prior to the hearing, the United States filed the instant motions seeking to dismiss the indict and expedite hearing on the matter. ECF Nos. 49–50.

## Legal Principles

Federal Rule of Criminal Procedure 48(a) provides the United States may, with leave of the court, dismiss an indictment. Dismissals under Rule 48(a) are generally presumed to be without prejudice, unless a contrary intent is clearly expressed. *United States v. Brown*, 425 F.3d 681, 682 (9th Cir. 2005).

"Rule 48(a) allows the government, provided it is not acting in bad faith, to dismiss an indictment without prejudice and later to reindict based on the same or similar charges . . . [W]hen the government requests a Rule 48(a) dismissal in good faith, the district court is duty bound to honor the request." *United States v. Hayden*, 860 F.2d 1483, 1488 (9th Cir. 1988). However, the Court retains

discretion to deny a motion to dismiss when the motion is prompted by considerations clearly contrary to the public interest or would contribute to prosecutorial harassment. *United States v. Wallace*, 848 F.2d 1464, 1468 (9th Cir. 1988).

In the immigration context, the government is granted "enforcement discretion over arrests and prosecutions." *See United States v. Texas*, 599 U.S. 670, 679 (2023). But "[i]f the government, by placing [a defendant] in immigration detention or removing him, jeopardizes the district court's ability to try him, then the district court may craft an appropriate remedy." *United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015).

## Discussion

The parties agree dismissal of the indictment is appropriate. The sole dispute is whether dismissal should be with or without prejudice.

The United States argues dismissal without prejudice is appropriate because it did not act in bad faith. ECF No. 49 at 2–3. Specifically, the United States argues it had a good-faith basis for seeking Mr. Salcedo-Escalera's pretrial detention, as demonstrated by Judge Goeke's detention order. *Id.* Additionally, the United States notes that it did not "hide-the-ball," and Mr. Salcedo-Escalera was "on notice concerning his near-certain removal if granted pretrial release." *Id.* at 3.

The defense argues dismissal with prejudice is warranted because the Government—the broader executive branch rather than the assigned Assistant United States Attorney—acted in bad faith and contrary to the public interest by detaining and removing Mr. Salcedo-Escalera after the Court ordered his pretrial release. Specifically, the defense argues that the Government elected to prosecute Mr. Salcedo-Escalera, but after unsuccessfully seeking his detention, removed him from the country, thereby preventing him from appearing for trial and defending against the charge. The defense further argues Mr. Salcedo-Escalera's removal violates his constitutional rights, including the rights to counsel, a speedy trial, and due process.

In *United States v. Salazar*, the defendant was indicted on federal charges and ordered released on bond following a contested detention hearing. No. 2:26-cr-00211-MEMF-4, 2026 WL 2807050, at *1 (C.D. Cal. Sept. 18, 2026). Despite the release order, federal authorities transferred the defendant to immigration custody and subsequently removed him to Mexico before his scheduled trial. *Id.* The Government then moved to dismiss the indictment without prejudice, while the defendant sought dismissal with prejudice. *Id.* at *1-2.

The district court ultimately dismissed the indictment with prejudice, finding the Government acted in bad faith by removing the defendant while his criminal prosecution remained pending. *Id.* at *3. The court reasoned the Government's

removal prevented the defendant from appearing for trial and it was the Government's decision, rather than the defendant's conduct, that made him unavailable. *Id.* Relying on *Santos-Flores*, the court concluded removal jeopardized its ability to try the defendant and warranted dismissal with prejudice. *Id.* The court also found independent grounds for dismissal, concluding the removal violated the defendant's Sixth Amendment rights to counsel and a speedy trial and his Fifth Amendment right to due process. *Id.* at *3-4. In reaching these conclusions, the court also relied on the Government's failure to file a reply to the defendant's opposition, which it treated as a concession of the allegations of bad faith and constitutional violations. *Id.*

The Court finds *Salazar* persuasive. As in *Salazar*, the Government here elected to prosecute Mr. Salcedo-Escalera, unsuccessfully sought his pretrial detention, and after this Court released Mr. Salcedo-Escalera, took him into immigration custody and now seeks to remove him from the country before trial. *See* 2026 WL 2807050, at *1, *3; ECF Nos. 35, 45, 49. Mr. Salcedo-Escalera's inability to appear for trial is thus attributable to the United States' actions, rather than any voluntary failure to comply with the Court's orders. *See Salazar*, 2026 WL 2807050, at *3. And, similar to the defendant in *Salazar*, Mr. Salcedo-Escalera's removal here will undoubtedly interfere with his ability to communicate with counsel and prepare his defense. *See* 2026 WL 2807050, at *3.

The Government attempts to distinguish *Salazar* on the ground that the Government in that case failed to file a reply to the defendant's opposition, which the district court treated as a concession of bad faith and constitutional violations. ECF No. 49 at 2. Although the *Salazar* Court considered the Government's failure to reply, its decision did not rest solely on that procedural circumstance. Rather, the court expressly found the Government's removal of the defendant while his prosecution remained pending constituted bad faith because it prevented him from appearing for trial, among other reasons. *Salazar*, 2026 WL 2807050, at *3. The Court finds that reasoning persuasive and concludes the Government's attempt to distinguish *Salazar* does not undermine its application here.

The Government also relies on *United States v. Pena de la Cruz*, No. 25-1648, 2026 WL 2676332 (1st Cir. Sept. 11, 2026), where the First Circuit reversed a district court's dismissal of an indictment with prejudice following the defendant's removal. ECF No. 49 at 2. *Pena de la Cruz* is distinguishable. There, the district court had issued a standing order prohibiting immigration authorities from removing criminal defendants until their criminal proceedings concluded and effectively requiring dismissal with prejudice upon removal. *Pena de la Cruz*, 2026 WL 2676332, at *2, *7. The First Circuit rejected that categorical approach, emphasizing dismissal with prejudice requires a case-specific showing of a serious threat of unfairness. *Id.* at *6-7. Moreover, the defendant had failed to substantiate

his claimed interference with the right to counsel. *Id.* at *6 n.8. Here, by contrast, the Court does not apply a categorical rule.

Considering the circumstances of this case, the Court finds that the Government acted in bad faith by removing, or planning to remove, Mr. Salcedo-Escalera while his criminal prosecution remained pending, thereby preventing him from appearing for trial and interfering with his ability to consult with counsel and prepare his defense. The Court emphasizes that this finding concerns the Government's conduct as a whole, particularly the decision by immigration authorities to remove Mr. Salcedo-Escalera after referring him for federal prosecution. The Court makes no finding of bad faith by AUSA Aguirre-Rivera or the United States Attorney's Office. Rather, the Court is concerned that immigration authorities elected to remove Mr. Salcedo-Escalera rather than exercise their discretion to permit the criminal prosecution to proceed, despite having referred him for prosecution and this Court's determination that he could be released on conditions.

This Court imposed conditions requiring Mr. Salcedo-Escalera to appear in this Court for further proceedings. ECF No. 35. The Government's exercise of its immigration authority has prevented Mr. Salcedo-Escalera from complying with those conditions. Further, the Government's exercise of its immigration authority in this manner undermined the Court's ability to try Mr. Salcedo-Escalera and

bring the criminal proceedings to a timely resolution. The Court therefore finds that dismissal without prejudice would be contrary to the public interest and that dismissal with prejudice is warranted.

**Accordingly, IT IS ORDERED:**

1. The United States' Motion to Dismiss Without Prejudice, **ECF No. 49**, is **GRANTED IN PART**.

2. The United States' Motion to Expedite, **ECF No. 50**, is **GRANTED**.

3. The Indictment, **ECF No. 23**, is **DISMISSED WITH PREJUDICE**.

4. All pending hearings and deadlines in this case are **STRICKEN**.

5. The bond imposed at ECF Nos. 35 and 45, Receipt No. 45167 at **ECF No. 46**, is **EXONERATED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order, provide copies to counsel, and close the case.

DATED October 20, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE